IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OLDCASTLE PRECAST, INC.,
a Washington corporation,

      Plaintiff,

v.

STORMTRAP LLC,
an Illinois limited liability company,

      Defendant.

## COMPLAINT AND JURY DEMAND

Oldcastle Precast, Inc. ("Oldcastle" or "Plaintiff"), for its Complaint against Defendant StormTrap LLC ("StormTrap" or "Defendant"), alleges as follows:

### I. THE PARTIES

1.    Oldcastle is a Washington corporation, having a principal place of business at 1002 15th Street SW, Suite 110, Auburn, Washington 98001.

2.    Upon information and belief, StormTrap is an Illinois limited liability company, having a principal place of business at 2495 Bungalow Road, Morris, Illinois 60450.

### II. JURISDICTION AND VENUE

3.    This action arises under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court's jurisdiction is invoked pursuant to 15 U.S.C. §1121(a), 28 U.S.C. § 1331 and

1338(a), in that this civil action arises under the laws of the United States, and particularly the Lanham Act, 15 U.S.C. §§ 1114 and 1125. In the case of the claims for relief arising under state law, this Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1338(b) and 1367 and the doctrine of supplemental jurisdiction in that the claims are substantial and related to the trademark claims and form part of the same case and controversy.

4. Venue is proper in this United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred within the District, and StormTrap was and is subject to personal jurisdiction in the District at the time the action was commenced.

### III. GENERAL ALLEGATIONS

**Oldcastle's Trademark Rights**

5. Oldcastle is a leading U.S. manufacturer of building materials, precast concrete and composites with more than 80 locations throughout the United State, including several locations in Colorado. Oldcastle's precast concrete products are used in numerous applications, including building structures, power and energy vaults, security and military installations, transportation, water drainage and diversion systems, and in specialty products.

6. Oldcastle advertises, educates and provides information to its customers and potential customers through its website and on-line publications and through its affiliate's and partner's websites.

7. In connection with its precast concrete water retention, treatment and reuse systems, Oldcastle adopted and began using the trademark STORM CAPTURE in at least

November 2006, and Oldcastle has been continuously using the mark in interstate commerce since at least 2009.

8. Oldcastle owns U.S. Registration No. 3,782,141 for the mark STORM CAPTURE for precast concrete modular underground storm water systems.  A copy of the Registration is attached as Exhibit A and is incorporated by reference herein.

9. Oldcastle's STORM CAPTURE water retention, treatment and reuse systems were the first of their kind in the industry to address customers' needs for water storage and reuse that were appropriate for both low impact development (LID) and were sustainable, easily accessible and maintainable. A copy of an article dated February 1, 2010 from www.cenews.com, *Civil Engineering News*, addressing this is attached as Exhibit B and is incorporated herein by reference in its entirety.

10. The United States Patent and Trademark Office awarded Oldcastle U.S. Patent No. 8,113,740 for new and non-obvious features of Oldcastle's STORM CAPTURE water retention, treatment and reuse systems.

11. Starting in 2006 and continuously since at least 2009, Oldcastle has advertised and promoted its rain water detention, infiltration, retention and reuse system under the STORM CAPTURE mark, on the Internet, via its website and those of its affiliates and partners, and via other advertising media, as unique in the industry because of its patented features and LID standards. Internet-based marketing is a significant part of Oldcastle's overall marketing strategy for its STORM CAPTURE product line.  As a result, the STORM CAPTURE trademark and products have become well-known to relevant consumers and competitors.

12. Through widespread and favorable public acceptance and recognition, STORM CAPTURE has become a distinctive mark and asset of substantial value to Oldcastle as a symbol of its detention, infiltration, retention and reuse water systems.

13. Oldcastle has expended significant money, time and effort in advertising and promoting its products offered under the mark STORM CAPTURE, as well in promoting and educating the public and consumers about what makes the STORM CAPTURE products unique. By virtue of such efforts, the mark STORM CAPTURE has become associated in the minds of the relevant public with Oldcastle and an extensive and valuable goodwill has been built up in the mark.

**Defendant's Cybersquatting & Infringing Activities**

14. On information and belief, Philip J. Burkhart ("Burkhart") was President of StormTrap from 2002 until December 31, 2012 and Vice-President of Utility Concrete Products, LLC from 1993 until December 31, 2012. On information and belief, Utility Concrete Products, LLC is related to and/or affiliated with StormTrap and share the same address in the records of the Secretary of State for the State of Illinois.

15. In October 2008, StormTrap filed a patent infringement lawsuit against Oldcastle in the United States District Court for the District of New Jersey, Case 2:08-CV-05257-JLL-CCC ("the New Jersey Action"), alleging Oldcastle, by building and implementing its STORM CAPTURE products, infringed a patent owned by StormTrap and in which Burkhart was the named inventor.

16. In its patent infringement complaint in the New Jersey Action, StormTrap claimed Oldcastle and StormTrap to be competitors in the field of storm water detention systems.

17.     The New Jersey Action was resolved by the parties entering into a Settlement and Non-Infringement Agreement on October 30, 2009.  Upon information and belief, and since the settlement was entered, StormTrap and Burkhart have continued to monitor and educate themselves as to Oldcastle's activities and products in the area of storm water detention systems, including Oldcastle's STORM CAPTURE detention, infiltration, retention and reuse water systems.

18.     Upon information and belief, StormTrap was aware that Oldcastle was using and claimed trademark rights in the mark STORM CAPTURE as used in connection with its rain water detention, infiltration, retention and reuse systems at least when Oldcastle began continuously using the mark in connection with the products in commerce in at least 2009.

19.     On information and belief, on February 2, 2012, Burkhart, as President of StormTrap, and fully aware of Oldcastle and its trademark rights in the STORM CAPTURE mark, purchased and registered in bad faith the domain names www.stormcapture.com, www.storm-capture.com, www.stormcapture.net www.storm-capture.net, www.stormcapture.org, www.storm-capture.org, www.storm-capture.info (hereinafter together referred to as the "Stormcapture Domain Names").

20.     Mr. Jackson Bishop ("Bishop"), the Marketing/Media Manager with Oldcastle, on or around September 2012, became aware that the www.stormcapture.com domain name was available for purchase or by auction through the website GoDaddy.com.

21.     At that time, the WHOIS database, which is the public, online repository of registered domain name information established by the Internet Corporation for Assigned Names and Numbers (ICANN), indicated Burkhart was the owner of record for the

5

www.stormcapture.com domain name with an email address of pburkhart@utilityconcrete.com, and Bishop was aware Burkhart was the listed owner of the www.stormcapture.com domain name.

22. On November 28, 2012, Bishop offered to purchase the www.stormcapture.com domain name in his name on behalf of Oldcastle through GoDaddy at the listed buy out price of $1,695.00. On November 28, 2012, Bishop received an email from GoDaddy confirming his purchase of the www.stormcapture.com domain name.

23. Shortly thereafter, on December 5, 2012, Bishop received another email from GoDaddy indicating that the sale of the www.stormcapture.com domain name had been cancelled, that the seller no longer owned the domain name, that Bishop's money would be refunded, and that "action had been taken against the seller of the domain name." *See* Exhibit C, which is incorporated herein by reference.

24. On December 5, 2012, Bishop contacted GoDaddy via telephone requesting further information on the cancelled sale of the www.stormcapture.com domain name, specifically asking why it was for sale if the seller was no longer the owner when, according to the terms of the sale, only the owner of the domain name was allowed to offer it for sale.

25. On the same day, in response to Bishop's inquiry, GoDaddy sent another email to Bishop restating why the sale of the www.stormcapture.com domain name was cancelled, not because the seller was no longer the owner, but because the seller was "unable" to provide the domain name. *See* Exhibit D, which is incorporated herein by reference.

26. On information and belief, once Burkhart became aware that the www.stormcapture.com domain name was being purchased by Bishop for Oldcastle, action was taken to cancel the sale.

27. At the time of the events, Bishop and Burkhart knew each other personally and knew of each other's positions at Oldcastle and StormTrap, respectively.

28. Sometime after December 12, 2012, the registrant information in the WHOIS database for the www.stormcapture.com domain name changed to Utility Concrete Products, and shortly thereafter, the registrant information in the WHOIS database for the www.stormcapture.com domain name was changed again to be privacy protected, making the identity of the owner unavailable to the public.

29. On or about December 22, 2012, Bishop contacted Burkhart via telephone and left messages explaining Oldcastle's purchase of the www.stormcapture.com domain name through GoDaddy and the subsequent cancellation of the purchase, and further indicating Oldcastle's continued willingness to purchase the domain name for a reasonable amount of money. Burkhart eventually responded. Burkhart indicated his name was removed from the www.stormcapture.com domain name, that he was retiring and no longer involved, and that Oldcastle should contact Mr. Patrick Mackey ("Mackey"), the Chief Financial Officer of StormTrap. Since that time, Oldcastle has left several messages with Mackey regarding the www.stormcapture.com domain name.

30. On or around March 1, 2013, Oldcastle became aware that the www.stormcapture.com website forwarded directly to StormTrap's website at www.stormtrap.com so that any consumers seeking information involving or relating to

Oldcastle's STORM CAPTURE water retention, treatment and reuse systems who typed "stormcapture.com" into a web browser, would be taken directly to StormTrap's competing website www.stormtrap.com.

31.     On March 1, 2013, Bishop spoke with Mackey specifically identifying the harm being caused to Oldcastle due to Oldcastle's STORM CAPTURE trademark being used by StormTrap to redirect Internet traffic to StormTrap's website, demanding StormTrap remove the redirect of the www.stormcapture.com website to the www.stormtrap.com website, and reiterating Oldcastle's offer to purchase the www.stormcapture.com domain name for $1,695.00, the amount of the prior purchase.

32.     Mackey responded by stating that StormTrap saw no harm in the redirection of the www.stormcapture.com website to www.stormtrap.com.  He further stated that StormTrap would need several weeks to consider the purchase offer.

33.     Bishop responded indicating that Oldcastle would give StormTrap until the following Monday, March 4, 2013 to accept the offer to purchase the www.stormcapture.com domain name provided StormTrap immediately disable the redirection of the www.stormcapture.com domain name to www.stormtrap.com, to which Mackey agreed.

34.     On Tuesday, March 5, 2013, Mackey contacted Bishop indicating StormTrap needed an additional 4-6 weeks to assess the value of the www.stormcapture.com domain name.

35.     As of March 4, 2013, the www.stormcapture.com no longer forwarded directly to www.stormtrap.com, and the www.stormcapture.com website page does not resolve to an active website page.

36. Upon information and belief, StormTrap's use and registration of the www.stormcapture.com domain name and redirection thereof to its own www.stormtrap.com website caused StormTrap's website www.stormtrap.com to show up on website search engine results pages for Internet searches conducted by consumers specifically utilizing the search terms "storm and capture." As a consequence, and upon information and belief, consumers were likely to be misled as to the source, origin, sponsorship or affiliation of Oldcastle's STORM CAPTURE product.

37. Upon information and belief, StormTrap had no reason to register and own the www.stormcapture.com domain name other than to prevent Oldcastle from registering its STORM CAPTURE trademark as the domain name www.stormcapture.com, to prevent Oldcastle from using its STORM CAPTURE trademark to full affect, and to cause consumer confusion or to profit unjustly from the sale of the domain name.

38. On March 6, 2013, Oldcastle became aware of the six additional domain names containing its registered STORM CAPTURE trademark that, upon information and belief, were also registered by Burkhart as President of StormTrap. As of March 6, 2013, the listed owner and registrant in the WHOIS database of all of the Stormcapture Domain Names is StormTrap, with an address of 2495 W. Bungalow Rd., Morris, Illinois 60450, with email address contact of sgeiss@stormtrap.com. In view of the purposeful registration activities by StormTrap, Oldcastle believes it may be possible that additional domain names including its registered trademark STORM CAPTURE may be registered by Burkhart and/or StormTrap of which it is not yet aware.

39. Upon information and belief, StormTrap registered the Stormcapture Domain Names specifically because the domain names included Oldcastle's STORM CAPTURE trademark, with the intent to prevent Oldcastle from registering its STORM CAPTURE trademark as a top level domain name, using its trademark to full effect, to cause consumer confusion or to profit from the sale of domain names and/or to otherwise cause damage to Oldcastle and the goodwill it has accrued in the STORM CAPTURE trademark.

## IV. FIRST CLAIM FOR RELIEF
### (Cybersquatting under 15 U.S.C. § 1125(d)(1)(A), § 43 of the Lanham Act)

40. Oldcastle incorporates paragraphs 1-39 above as though fully set forth herein.

41. StormTrap's registration of the Stormcapture Domain Names, specifically, www.stormcapture.com, www.storm-capture.com, www.stormcapture.net www.storm-capture.net, www.stormcapture.org, www.storm-capture.org, www.storm-capture.info, constitutes cybersquatting in violation of Section 1125 of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

42. The STORM CAPTURE mark is a distinctive, federally registered trademark owned by Oldcastle.

43. The Stormcapture Domain Names registered and/or owned by StormTrap are identical or at least confusingly similar to the Oldcastle's STORM CAPTURE trademark.

44. Upon information and belief, StormTrap registered and/or approved ownership of the Stormcapture Domain Names with intent to profit either from the sale of the domain names to Oldcastle or to profit indirectly through Oldcastle's lost sales and/or StormTrap's increased sales as a result of the re-direction of the www.stormcapture.com domain name to StormTrap's website, www.stormtrap.com, where StormTrap's competing products are marketed.

45.     Upon information and belief, StormTrap's bad faith in registering and/or acquiring ownership of the Stormcapture Domain Names is evidenced by, among other things, its registration of domain names it knew were identical or confusingly similar to Oldcastle's STORM CAPTURE mark, by its registration of seven (7) domain names incorporating Oldcastle's STORM CAPTURE trademark with the top level domains of .com, .net, .org and .info, by StormTrap's offer through its then President Burkhart, to sell the www.stormcapture.com domain name in auction to third parties, by StormTrap's unwillingness to sell the www.stormcapture.com domain name to Oldcastle and the cancellation of its sale of the www.stormcapture.com domain name once it became aware Oldcastle was the purchaser through the on-line auction, and by re-directing the www.stormcapture.com website directly to its own www.stormtrap.com website.

46.     Additionally, StormTrap has no trademark or intellectual property rights in the Stormcapture Domain Names and has not otherwise used the Stormcapture Domain Names for a legitimate business purpose.  The Stormcapture Domain Names do not contain StormTrap's legal name or a name commonly used to identify StormTrap or its products, and StormTrap's intent to divert consumers to its own website harmed the goodwill of the STORM CAPTURE trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the www.stormtrap.com website and its products, which compete directly with Oldcastle's STORM CAPTURE products.

47.     Oldcastle has been and continues to be irreparably harmed by StormTrap's unlawful actions and Oldcastle has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF
### (Trademark Infringement under 15 U.S.C. § 1114, § 32 of the Lanham Act)

48. Oldcastle incorporates paragraphs 1-47 above as though fully set forth herein.

49. StormTrap's actions constitute infringement of Oldcastle's U.S. Registration No. 3,782,141 and thus violate 15 U.S.C. § 1114.

50. Upon information and belief, StormTrap registered and/or acquired ownership of the Stormcapture Domain Names with full knowledge of Oldcastle's superior rights in the mark STORM CAPTURE, but without its authorization.

51. Upon information and belief, StormTrap's registration and/or ownership of the Stormcapture Domain Names and redirection of the www.stormcapture.com domain name to its own www.stormtrap.com website was likely to and did cause confusion with Oldcastle's established and superior trademark rights in STORM CAPTURE under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52. StormTrap's tortious acts constitute willful and deliberate trademark infringement under 15 U.S.C. § 1114 and are in willful and wanton disregard of Oldcastle's established and superior rights in the STORM CAPTURE trademark.

53. As a result of StormTrap's unlawful actions, Oldcastle has suffered commercial harm.

54. Oldcastle has been and continues to be irreparably harmed by StormTrap's unlawful actions and Oldcastle has no adequate remedy at law.

## VI. THIRD CLAIM FOR RELIEF
### (Unfair Competition Under 15 U.S.C. §1125(a), § 43(a) of the Lanham Act)

55. Oldcastle incorporates paragraphs 1-54 above as though fully set forth herein.

56. Upon information and belief, StormTrap used the www.stormcapture.com domain name to redirect consumers to its directly competing website displaying directly competing products. This action, as well as StormTrap's publicly listed ownership of the Stormcapture Domain Names, is likely to cause confusion, mistake or deception as to the affiliation, connection or association of StormTrap with Oldcastle, and as to the origin, sponsorship or approval of StormTrap's products and related commercial activity within the meaning of 15 U.S.C. § 1125(a).

57. StormTrap's registration of the Stormcapture Domain Names prevents Oldcastle from using its STORM CAPTURE trademark in which it has superior rights to full effect, and prevents Oldcastle from owning top level domain names that include the STORM CAPTURE trademark against its superior rights in the mark.

58. StormTrap continues to own and control the Stormcapture Domain Names with full knowledge of Oldcastle's superior rights, but without Oldcastle's authorization. StormTrap's actions to date show that its sole purpose is to prevent Oldcastle from owning the Stormcapture Domain Names. StormTrap's tortious acts constitute willful and deliberate unfair competition under 15 U.S.C. § 1125(a) and are in willful and wanton disregard of Oldcastle's established and superior rights.

59. As a result of StormTrap's unlawful actions, Oldcastle has suffered commercial harm.

60. Oldcastle has been and continues to be harmed irreparably by StormTrap's unlawful actions and Oldcastle has no adequate remedy at law.

## VII.  FOURTH CLAIM FOR RELIEF
### (Unfair Competition under Colorado Common Law)

61. Oldcastle incorporates paragraphs 1-60 above as though fully set forth herein.

62. StormTrap's actions as described above have caused and are likely to cause confusion with the established and superior rights of Oldcastle and enable StormTrap to unfairly compete with Oldcastle. As such, StormTrap's actions constitute unfair competition under Colorado common law.

63. As a result of StormTrap's wrongful actions, Oldcastle has suffered commercial harm.

64. StormTrap's wrongful actions were committed with willful and wanton disregard for Oldcastle's superior rights.

65. Oldcastle has been and continues to be harmed irreparably by StormTrap's actions and has no adequate remedy at law.

## VIII.  FIFTH CLAIM FOR RELIEF
### (Misappropriation of Business Values Under Colorado Common Law)

66. Oldcastle incorporates paragraphs 1-65 above as though fully set forth herein.

67. Oldcastle has, through the expenditure of time, effort and money, acquired substantial business values in and to the mark STORM CAPTURE and to the goodwill and reputation associated therewith. The STORM CAPTURE mark is a protectable business value of Oldcastle.

68. StormTrap has taken, without authorization by or compensation to Oldcastle, its protectable business values in registering the Stormcapture Domain Names.

69.     As a result of StormTrap's unlawful actions, Oldcastle has suffered commercial harm.

70.     StormTrap's wrongful actions were committed with willful and wanton disregard of the laws of the State of Colorado.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Oldcastle prays for judgment in its favor and against StormTrap as follows:

A.      That StormTrap, its agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

1. Any further use of the mark STORM CAPTURE or the terms STORM and CAPTURE as part of any domain name;

2. Any further purchase, registration or receipt of any other domain names including the mark STORM CAPTURE or the terms STORM and CAPTURE;

3. Any further use of the mark STORM CAPTURE or any other mark or business name or mark that is confusingly similar to STORM CAPTURE;

4. Directly or indirectly using the mark or business name STORM CAPTURE or any confusingly similar mark or material, either alone or in combination with other marks, symbols or trade dress;

     5. Performing any action or using any name, mark, symbol, imagery or slogan which is likely to cause confusion, mistake or to deceive or otherwise mislead the industry and/or public into believing that Oldcastle and StormTrap are one and the same or in some way connected, or that Oldcastle is the sponsor of StormTrap or that StormTrap is in some manner affiliated or associated with or under the supervision or control of Oldcastle, or that StormTrap's goods, websites or related services originate with Oldcastle or are connected or offered with the approval, consent, authorization or under the supervision of Oldcastle;

     6. Marketing or selling any service or product, including domain names, containing or utilizing Oldcastle's intellectual property;

     7. Transfer or assigning the Stormcapture Domain Names to any person or entity other than Oldcastle; or

     8. Any other conduct constituting cybersquatting, unfair competition, trademark infringement or misrepresentation of Oldcastle's intellectual property;

    B. That StormTrap be ordered to transfer ownership of the Stormcapture Domain Names, and any other domain names within its control containing the mark STORM CAPTURE, and/or the terms STORM and CAPTURE to Oldcastle;

    C. That Oldcastle be awarded damages in an amount to be determined at trial caused by StormTrap's cybersquatting, trademark infringement, deceptive practices and other misconduct specified herein. In the alternative, that Oldcastle be awarded statutory damages in

the amount of up to $100,000 per domain name under the Anti-Cybersquatting Consumer Protection Act or as the Court considers just, but no less than $1,000 per domain name;

D.   That Oldcastle be awarded treble actual damages;

E.   That Oldcastle be awarded pre-judgment and post-judgment interest;

F.   That Oldcastle be awarded costs and expenses incurred in prosecuting this action, including expert witness fees and attorney's fees under relevant law; and

G.   That such other and further preliminary and permanent relief be awarded to Oldcastle as the Court deems appropriate.

## X.  JURY DEMAND

Oldcastle demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED:  March 8, 2013.

By:  s/ Todd P. Blakely
Todd P. Blakely
   tblakely@sheridanross.com
Bruce A. Kugler
   bkugler@sheridanross.com
Sarah J. Schneider
   sschneider@sheridanross.com
James M. Burke
   jburke@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado  80202-5141
Telephone:   303-863-9700
Facsimile:    303-863-0223
E-mail:         litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
OLDCASTLE PRECAST, INC.